# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

OSCAR ORIHUELA LOPEZ                          *
300 Centennial Avenue, Apt. B
Hanover, PA 17331                             *

    and                   *

JASMEN MARIE ORIHUELA SOLIS                   *
300 Centennial Avenue, Apt. B
Hanover, PA 17331                             *

    Plaintiffs,            *

v.                                            *    Civil Action No.:_____

ROBERT STEVEN GRAY                            *
204 Tilghman Avenue
Federalsburg, MD 21632                        *

    and                   *

UNITED CONSTRUCTION COMPANY, LLC              *
5430 Indiantown Road
Rhodesdale, MD 21659                          *

    Serve on:             *

    Arlene F. Pleasants   *
    5430 Indiantown Road
    Rhosedale, MD 21659   *
    *Resident Agent*
                                              *
    Defendants.
                                              *

*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff OSCAR ORIHUELA LOPEZ ("Mr. Orihuela Lopez"), and Plaintiff JASMEN

MARIE ORIHUELA SOLIS ("Ms. Orihuela Solis") (hereinafter referred to collectively as

"Plaintiffs"), by their attorneys FERGUSON, SCHETELICH & BALLEW, P.A., and Peter J. Basile, sue

Defendant ROBERT STEVEN GRAY ("Defendant Gray"), and Defendant UNITED CONSTRUCTION COMPANY, LLC ("Defendant United"), and state as follows:

## PARTIES AND JURISDICTION

1.      At all times relevant to this Complaint, Mr. Orihuela Lopez is and was an adult residing in the Commonwealth of Pennsylvania.

2.      At all times relevant to this Complaint, Ms. Orihuela Solis is and was an adult residing in the Commonwealth of Pennsylvania.

3.      At all times relevant to this Complaint, Defendant Gray is and was an adult residing at the above-captioned address, which is located in Caroline County, Maryland.

4.      At all times relevant to this Complaint, Defendant United is and was a Limited Liability Company formed under the laws of the State of Maryland, with its principal place of business in Dorchester County, Maryland. Plaintiffs have no information to suggest that any individual member of Defendant United is a resident of the Commonwealth of Pennsylvania or that any entity that is a member of Defendant United is organized in or has its principal place of business in the Commonwealth of Pennsylvania, and therefore, upon information and belief, the parties are diverse.

5.      Pursuant to 28 U.S.C.A. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different States[.]."

6.      This cause of action arose on August 4, 2022, when Defendant Gray, while operating a 2003 dump truck owned by Defendant United and while in the course and scope of his employment with and/or as an agent or servant of Defendant United, suddenly and violently

collided with the rear of the vehicle operated by Mr. Orihuela Lopez and in which Ms. Orihuela Solis was riding, causing Plaintiffs to sustain injuries and damages.

7.      Plaintiffs' claims for compensatory damages are in excess of Seventy-Five Thousand Dollars ($75,000) each, and this Court has jurisdiction pursuant to 28 U.S.C.A. § 1332.

## FACTUAL ALLEGATIONS

8.      Plaintiffs re-allege and incorporate by reference paragraphs 1 through 7 of this Complaint.

9.      On Thursday, August 4, 2022, at approximately 9:11 a.m., Mr. Orihuela Lopez was operating a 2009 Nissan vehicle, and was traveling westbound on US-50, at or near the intersection Heron Boulevard, in Dorchester County, Maryland.

10.     As Plaintiffs were stopped at the red traffic light at the intersection of westbound US-50 and Heron Boulevard, a dump truck owned by Defendant United and operated by Defendant Gray, while in the course and scope of his employment with Defendant United and/or acting as Defendant United's agent or servant, suddenly and violently struck the rear of the vehicle operated by Mr. Orihuela Lopez and in which Ms. Orihuela Solis was a passenger.

11.     Mr. Orihuela Lopez and Ms. Orihuela Solis sustained injuries and consequent damages as a result of the collision.

12.     As a result of Defendant Gray negligent actions and/or omissions, while in the course and scope of Defendant Gray's employment with Defendant United and/or while acting as an agent or servant of Defendant United, including his failure to pay attention to vehicles lawfully on the roadway, failure to travel with the pace of traffic, failure to operate his vehicle at the posted speed limit, failure to avoid colliding with the vehicle operated by Mr. Orihuela

Lopez, and his failure to maintain control of his vehicle, Plaintiffs were injured and otherwise suffered grievous, substantial and permanent injuries, and other harm and damages.

13.    As a direct and proximate result of the collision, Mr. Orihuela Lopez suffered conscious pain and suffering, and severe and permanent injuries to his body.

14.    As a direct and proximate result of the collision, Ms. Orihuela Solis suffered conscious pain and suffering, and severe and permanent injuries to her body.

15.    As a direct and proximate result of the negligent actions and omissions of Defendant Gray for which Defendant United is vicariously liable, Mr. Orihuela Lopez sustained and will continue to sustain damages, including without limitation, medical bills, future medical bills, lost earning capacity, and non-economic damages, including without limitation, pain and suffering.

16.    As a direct and proximate result of the negligent actions and omissions of Defendant Gray for which Defendant United is vicariously liable, Ms. Orihuela Solis sustained and will continue to sustain damages, including without limitation, medical bills, future medical bills, lost earning capacity, and non-economic damages, including without limitation, pain and suffering.

17.    At all times relevant hereto, Plaintiffs were husband and wife, and as a direct and proximate result of the negligent actions and omissions of  Defendant Gray for which Defendant United is vicariously liable, and as a result of injuries sustained by Plaintiffs Orihuela Lopez and/or Orihuela Solis, Plaintiffs sustained damages to their marriage.

### COUNT I – NEGLIGENCE
### (PLAINTIFF ORIHUELA LOPEZ V. DEFENDANT GRAY)

18.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 of this Complaint.

19.     At all relevant times, Defendant Gray owed a continuing duty of care to operate his vehicle in a reasonable and prudent manner, with due regard to other persons lawfully on the roadway, including Mr. Orihuela Lopez and Ms. Orihuela Solis.

20.     Defendant Gray breached his duty to operate the vehicle in a reasonable and prudent manner by, among other things:

  a. Failing to observe other vehicles on the road;

  b. Failing to avoid colliding with other vehicles on the road;

  c. Failing to maintain control of his vehicle;

  d. Failing to safely operate his vehicle without colliding with other vehicles;

  e. Failing to use his full attention to driving;

  f. Causing the vehicle he was operating to collide with the vehicle operated by Mr. Orihuela Lopez;

  f. Failing to obey the rules and regulations of the State of Maryland; and/or

  g. Otherwise failing to operate the vehicle he was driving in a safe and prudent manner thereby causing, directly and proximately, the collision with the vehicles operated by Mr. Orihuela Lopez.

21.     As a direct and proximate result of the collision, which was caused by the negligent actions and/or omissions of the Defendant Gray, Plaintiff Orihuela Lopez suffered pre-impact fright, conscious pain and suffering, and severe and permanent injuries to his body.

22.     As a direct and proximate result of the collision, which was caused by the negligent actions and/or omissions of the Defendant Gray, Mr. Orihuela Lopez sustained damages, including without limitation, medical bills, future medical bills, lost earning capacity, and non-economic damages, including without limitation, pain and suffering, and will likely continue to sustain damages.

WHEREFORE, Plaintiff Oscar Orihuela Lopez demands judgment against Defendant Gray, pursuant to Count I of this Complaint, in an amount exceeding Seventy-Five Thousand Dollars ($75,000) in compensatory damages, plus interest and costs, and any and all other relief to which he may be entitled.

### COUNT II – NEGLIGENCE
### (PLAINTIFF ORIHUELA SOLIS V. DEFENDANT GRAY)

23.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22 of this Complaint.

24.     At all relevant times, Defendant Gray owed a continuing duty of care to operate his vehicle in a reasonable and prudent manner, with due regard to other persons lawfully on the roadway, including Mr. Orihuela Lopez and Ms. Orihuela Solis.

25.     Defendant Gray breached his duty to operate the vehicle in a reasonable and prudent manner by, among other things:

      a.    Failing to observe other vehicles on the road;

      b.    Failing to avoid colliding with other vehicles on the road;

      c.    Failing to maintain control of his vehicle;

      d.    Failing to safely operate his vehicle without colliding with other vehicles;

      e.    Failing to use his full attention to driving;

      f.    Causing the vehicle he was operating to collide with the vehicle operated by Mr. Orihuela Lopez;

      f.    Failing to obey the rules and regulations of the State of Maryland; and/or

      g.    Otherwise failing to operate the vehicle he was driving in a safe and prudent manner thereby causing, directly and proximately, the collision with the vehicles operated by Mr. Orihuela Lopez.

26. As a direct and proximate result of the collision, which was caused by the negligent actions and/or omissions of the Defendant Gray, Plaintiff Orihuela Solis suffered pre-impact fright, conscious pain and suffering, and severe and permanent injuries to her body.

27. As a direct and proximate result of the collision, which was caused by the negligent actions and/or omissions of the Defendant Gray, Ms. Orihuela Solis sustained damages, including without limitation, medical bills, future medical bills, lost earning capacity, and non-economic damages, including without limitation, pain and suffering, and will likely continue to sustain damages.

WHEREFORE, Plaintiff Jasmen Marie Orihuela Solis demand judgment against Defendant Gray, pursuant to Count II of this Complaint, in an amount exceeding Seventy-Five Thousand Dollars ($75,000) in compensatory damages, plus interest and costs, and any and all other relief to which she may be entitled.

### COUNT III – NEGLIGENCE (VICARIOUS LIABILITY)
### (PLAINTIFF ORIHUELA LOPEZ V. DEFENDANT UNITED)

28. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 27 of this Complaint.

29. At all times relevant to this Complaint, Defendant Gray was employed by Defendant United, and was operating a motor vehicle owned by Defendant United.

30. Defendant Gray engaged in this conduct while acting in the course and scope of his employment with Defendant United, and/or while serving as an agent or servant of Defendant United.

31. Defendant United, therefore, is liable for the wrongful conduct of Defendant Gray under the doctrine of vicarious liability, including the doctrine of *respondeat superior*.

32.     As a direct and proximate result of conduct described herein, Plaintiff Orihuela Lopez has suffered the injuries and damages described herein.

WHEREFORE, Plaintiff Oscar Orihuela Lopez demands judgment against Defendant United in an amount exceeding Seventy-Five Thousand Dollars ($75,000) in compensatory damages, plus interest and costs, and any and all other relief to which he may be entitled.

### COUNT IV – NEGLIGENCE (VICARIOUS LIABILITY)
### (PLAINTIFF ORIHUELA SOLIS V. DEFENDANT UNITED)

33.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 32 of this Complaint.

34.     At all times relevant to this Complaint, Defendant Gray was employed by Defendant United, and was operating a motor vehicle owned by Defendant United.

35.     Defendant Gray engaged in this conduct while acting in the course and scope of his employment with Defendant United, and/or while serving as an agent or servant of Defendant United.

36.     Defendant United, therefore, is liable for the wrongful conduct of Defendant Gray under the doctrine of vicarious liability, including the doctrine of *respondeat superior*.

37.     As a direct and proximate result of conduct described herein, Plaintiff Orihuela Solis has suffered the injuries and damages described herein.

WHEREFORE, Plaintiff Jasmen Marie Orihuela Solis demands judgment against Defendant United in an amount exceeding Seventy-Five Thousand Dollars ($75,000) in compensatory damages, plus interest and costs, and any and all other relief to which she may be entitled.

## COUNT V – LOSS OF CONSORTIUM
### (AS A RESULT OF INJURIES TO PLAINTIFF ORIHUELA LOPEZ)
### (ALL DEFENDANTS)

38.    Plaintiffs Oscar Orihuela Lopez and Jasmen Marie Orihuela Solis, his wife, re-allege and incorporate by reference paragraphs 1 through 37 of this Complaint.

39.    Plaintiffs were husband and wife at the time of the occurrence referenced herein, and continue to be husband and wife.

40.    The negligent conduct of Defendants, more specifically described in Count I and Count III, caused injury to the marital relationship of Plaintiffs, including a loss of society, affection, assistance, companionship, and sexual relations.

WHEREFORE, Plaintiff Oscar Orihuela Lopez and Plaintiff Jasmen Marie Orihuela Solis demand judgment against Defendant Gray and Defendant United in an amount exceeding Seventy-Five Thousand Dollars ($75,000) in compensatory damages, plus interest and costs, and any and all other relief to which she may be entitled.

## COUNT VI – LOSS OF CONSORTIUM
### (AS A RESULT OF INJURIES TO PLAINTIFF ORIHUELA SOLIS)
### (ALL DEFENDANTS)

41.    Plaintiffs Jasmen Marie Orihuela Solis and Oscar Orihuela Lopez, her husband, re-allege and incorporate by reference paragraphs 1 through 40 of this Complaint.

42.    Plaintiffs were wife and husband at the time of the occurrence referenced herein, and continue to be wife and husband.

43.    The negligent conduct of Defendants, more specifically described in Count II and Count IV, caused injury to the marital relationship of Plaintiffs, including a loss of society, affection, assistance, companionship, and sexual relations.

WHEREFORE, Plaintiff Jasmen Marie Orihuela Solis and Plaintiff Oscar Orihuela Lopez demand judgment against Defendant Gray and Defendant United in an amount exceeding

Seventy-Five Thousand Dollars ($75,000) in compensatory damages, plus interest and costs, and

any and all other relief to which she may be entitled.

FERGUSON, SCHETELICH, & BALLEW, P.A.

By:  /s/  *Peter J. Basile*

Peter J. Basile
Fed. Trial Bar # 10405
100 S. Charles Street, Suite 1401
Baltimore, Maryland  21201
(410) 837-2200 (p)
(410) 837-1188 (f)
pbasile@fsb-law.com
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

FERGUSON, SCHETELICH, & BALLEW, P.A.

By:  /s/  *Peter J. Basile*

Peter J. Basile
Fed. Trial Bar # 10405
100 S. Charles Street, Suite 1401
Baltimore, Maryland  21201
(410) 837-2200 (p)
(410) 837-1188 (f)
pbasile@fsb-law.com
*Attorneys for Plaintiffs*